I respectfully dissent from the majority decision to reverse the Deputy Commissioner's Opinion and Award and would vote to affirm on the grounds that there is no medical evidence of record to prove by the greater weight that plaintiff's job duties with defendant-employer placed her at an increased risk of contracting carpal tunnel syndrome as compared to members of the general public.
Plaintiff's job at Corporate Benefits Services involved various duties. Although her duties included word processing, she spent most of her time reviewing documents and making telephone calls and did not perform significant repetitive motion. In addition, although Dr. Truesdale stated that plaintiff's carpal tunnel syndrome could be significantly caused by her work with defendant-employer, he did not state that her work with defendant-employer placed her at an increased risk as compared to the general public.
Furthermore, after leaving employment with defendant-employer, plaintiff's carpal tunnel syndrome worsened during her new employment rather than improving. In fact, she even began having left wrist pain although prior to that time her problems were concentrated on the right. Therefore, even if plaintiff suffered from an occupational disease related to her employment with defendant-employer, that employment was not her last injurious exposure.
Based on the reasons that plaintiff was not exposed to an increased risk of contracting carpal tunnel syndrome while working with defendant-employer and that plaintiff's work with defendant-employer would not have been her last injurious exposure even if she had suffered from an occupational disease attributable to her work with defendant-employer, I respectfully dissent.
 S/ _______________ DIANNE C. SELLERS COMMISSIONER